**UNITED STATES of America,**
Appellee,

v.

**Mel MULLINS, Appellant.**

**No. 190, Docket 28216.**

United States Court of Appeals
Second Circuit.

Argued Nov. 20, 1963.

Decided Dec. 10, 1963.

146

Raoul L. Felder, Asst. U. S. Atty., Brooklyn, N. Y. (Stephen Lowey, Asst. U. S. Atty., and Joseph P. Hoey, U. S. Atty., for the Eastern District of New York, Brooklyn, N. Y., on the brief), for appellee.

David M. Markowitz, New York City, for appellant.

Before MEDINA, WATERMAN and MARSHALL, Circuit Judges.

PER CURIAM.

Defendant was found guilty of forging, uttering and conspiracy in violation of 18 U.S.C., §§ 495, 2 and 371, and was sentenced under 18 U.S.C. § 5010(b) for treatment and supervision under the Youth Correction Act. He was released on bail pending the disposition of this appeal.

■ The indictment contains several counts for forging, and uttering, for aiding and abetting and for conspiracy in connection with the cashing of five United States Savings Bonds, Series E, at a branch of the Dime Savings Bank, at 86th Street and 19th Avenue, in Brooklyn, New York, on June 11, 1962. While it is claimed that the evidence was not sufficient to warrant a finding by the jury of guilt beyond a reasonable doubt, we think appellant's connection with the crime was clearly established. Appellant was, at the time of the cashing of these bonds, employed as a teller in the bank where the crime was committed. There was proof justifying findings by the jury that he was in the automobile with other conspirators when the crime was planned, that he told the woman who was to go into the bank and cash the bonds "not to worry," that he was outside the bank waiting when she came out with the money, and that he was present when the loot was distributed. Such proof as this gives support to the verdict of guilty on all counts of the indictment.

■ The instructions on the subject of the weight to be given to accomplice testimony may not serve as a model, but they were adequate, United States v. Schwartz, 2 Cir., 1945, 150 F.2d 627, cert. denied, 1945, 326 U.S. 757, 66 S.Ct. 97, 90 L.Ed. 454; United States v. Agueci, 2 Cir., 1962, 310 F.2d 817, cert. denied, Guippone v. United States, 1963, 372 U.S. 959, 83 S.Ct. 1013, 10 L.Ed.2d 11; United States v. Stromberg, 2 Cir., 1959, 268 F.2d 256, cert. denied, Lessa v. United States, 1961, 361 U.S. 863, 80 S.Ct. 119, 4 L.Ed.2d 102, and the request for instructions submitted on appellant's behalf on this subject was properly refused. United States v. Verra, 2 Cir., 1962, 301 F.2d 381; United States v. Arrow Packing Corp., 2 Cir., 1946, 153 F.2d 669, cert. denied, 1946, 327 U.S. 805, 66 S.Ct. 962, 90 L.Ed. 1030. The proof of prior inconsistent statements for the purpose of the impeachment of a witness followed the traditional pattern. We find no prejudicial error in the record.

Affirmed.